UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUENTIN J. HICKS
 a/k/a Quentin Hicks,

          Petitioner,
  v.

BARRY MCARDLE,                                9:14-CV-0323
                                              (GLS/ATB)
          Respondent.
_____

APPEARANCES:                          OF COUNSEL:

QUENTIN J. HICKS
 a/k/a Quentin Hicks
12-B-0653
Petitioner, pro se
Watertown Correctional Facility
23147 Swan Road
Watertown, NY 13601

HON. ERIC T. SCHNEIDERMAN             LISA E. FLEISCHMANN, AAG
New York State Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

### I.  INTRODUCTION

      Presently before the court is respondent's motion to dismiss petitioner Quentin J. Hicks's habeas petition without prejudice for failure to exhaust available state court remedies. Dkt. No. 3, Letter Motion.  Petitioner filed a response to the motion, and respondent filed a reply.  Dkt. No. 5, Response to Respondent's June 10, 2014 letter ("Response"); Dkt. No. 6,

Reply. For the reasons that follow, respondent's motion is granted, and the petition is dismissed without prejudice.[1]

## II.   BACKGROUND

In his petition, petitioner challenged a 2012 judgment of conviction, upon his guilty plea in Oswego County Court, of second degree attempted conspiracy. Dkt. No. 1, Petition ("Pet.") at 2. Petitioner stated that he appealed his conviction to the Appellate Division, Fourth Department, but that his appeal was "never perfected." Pet. at 2-3. According to petitioner, he requested permission on September 27, 2012, to file a late notice of appeal, and on October 22, 2012, his request was granted. Pet. at 5. He alleged that a notice of appeal was sent to all parties on January 24, 2013, but that "administrative staff" at the Appellate Division, Fourth Department, "inappropriately refused to process [his] appeal" and assign counsel. *Id.* Petitioner also claimed that on June 22, 2012, the Oswego County Court denied his motion to vacate his conviction, brought pursuant to New York Criminal Procedure Law ("CPL") §440.10, and that the Appellate Division denied leave to appeal on September 13, 2012. *Id.* at 4.

Petitioner raised three grounds for habeas relief: the court records related to his guilty plea allocution and sentencing are inaccurate (Ground One); the Oswego County Court officers and administrative staff at the Appellate Division, Fourth Department, "are impeding/denying [his] direct appeal;" (Ground Two); and the Oswego County Court had no jurisdiction to hold him in custody, allow his prosecution, or accept his plea (Ground Three). Pet. at 5-6 and attached typed pages labeled 5A, 5B, and 6A. He explained that he did not

---

[1] The court has considered this motion in the interests of justice, notwithstanding that the court disfavors motions seeking dispositive relief that do not comport with N.D.N.Y. L.R. 7.1.

2

present his claims to the state courts because the relevant records have been "altered" and his direct appeal is "being blocked or impeded." *Id.* at 6.

On March 26, 2014, the court directed respondent to answer the petition. Dkt. No. 2, Decision and Order, Baxter, M.J.

On June 10, 2014, the Attorney General of the State of New York, acting on behalf of respondent, filed a motion to dismiss the petition without prejudice. Dkt. No. 3, Letter Motion. Respondent argued that only Ground Three of the petition was "arguably raised" in petitioner's CPL §440.10 motion, but Grounds One and Two were unexhausted. *Id.* at 1. Respondent also explained that the Appellate Division agreed to hear petitioner's direct appeal and assigned counsel to represent him. *Id.*

In papers dated July 2, 2014, petitioner responded to the motion. Dkt. No. 5, Response to Respondent's June 10, 2014 letter ("Response"). He stated that from "a casual glance at the paperwork, it would <u>appear</u> that the 4th Dept AD will hear" his "Direct Appeal," but that he had misgivings that the court would actually do so because the Appellate Division failed to respond to his previous motions alleging police corruption, failed to "address incorrect assertions that the Oswego County Judge made in his July 2012 decision" and the "Attorney Grievance Board (part of the AD)" refused to conduct an investigation into two attorney grievances petitioner filed. *Id.* at 1-2.[2] Petitioner further stated that he is "not qualified to determine" if appellate counsel represents him or not. *Id.* at 3. Finally, petitioner opposed dismissing the petition and asked that the court instead stay the petition pending exhaustion of two of his claims. *Id.* at 3.

---

[2] For the sake of clarity, the cited page numbers refer to the electronically generated numbers at the top right hand corner of each page.

On July 15, 2014, respondent filed a reply in which he opposed a stay because petitioner failed to establish good cause, and asserted that since "all of petitioner's habeas claims are likely unexhausted," the court lacks jurisdiction over the petition. Dkt. No. 6, Reply.

## III.   DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

In this case, as petitioner acknowledges, he has not perfected his appeal and at least

two of his claims have not been presented to the state courts. Pet. at 2-3, 5; Response at 3. The exhaustion requirement has therefore not been met. There is no basis on the record to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by appealing his conviction with the assistance of appellate counsel. *See* Letter Motion at 1-2; Response at 1-3; Dkt. No. 1, Exhibit B, Letter from attorney Linda M. Campbell to Patricia A. Cline, Oswego County Court Clerk, Feb. 10, 2014 (requesting that copies of certain transcripts be sent to attorney Campbell "as the assigned appellate counsel[.]"); Dkt. No. 3, Letter motion at 1 (identifying attorney Linda M. Campbell as petitioner's appointed appellate counsel). It is not futile to require him to complete exhaustion of his state court remedies prior to pursuing a federal habeas petition. Petitioner's apparent misgivings about whether appellate counsel represents him, and whether the Appellate Division will act on his appeal, are unsupported in the record and do not render the state process ineffective. It is clear that petitioner filed this federal habeas petition prematurely.

      Petitioner's request to stay this action pending exhaustion of his state court remedies, Response at 3, is denied. When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the court may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court has instructed, however, that "[b]ecause granting a stay effectively excuses a

petitioner's failure to present his claims first to the state courts," stays should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 275, 277.

A stay in this case is inappropriate. Petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277. His pro se status is insufficient to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007); *Stephanski v. Superintendent, Upstate Corr. Fac.*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006). This court also agrees that federal courts should not "be turned into a 'jurisdictional parking lot' for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (quoting *Baity v. McCary*, No. 1:02-CV-1817, 2002 WL 31433293 at *2 (S.D.N.Y. Oct. 31, 2002)).

Additionally, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case. Under the AEDPA, federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.[3] 28 U.S.C. § 2244(d)(1)(A). Petitioner's ability to pursue his direct appeal in the

---

[3] Other dates from which the limitations period may start to run are (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, (2) the date on which the Supreme Court initially recognizes the constitutional right on which the petitioner bases his habeas application if the right is newly recognized and made retroactively applicable, and (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C.§

Appellate Division remains viable, and direct review of his claims in the state courts has not yet concluded. Thus, it does not appear that the one-year statute of limitations during which to file a habeas petition has begun to run. 28 U.S.C. § 2244(d)(1)(A)-(D); *Foster v. Spitzer*, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. Mar. 5, 2007).

Finally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

In sum, the petition is dismissed without prejudice to re-filing it once all of petitioner's claims have been properly exhausted in the state courts.[4] *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted); *Nash v. Evans*, No. 9:10-CV-0361 (GLS), 2010 WL 1423196 at *1 (N.D.N.Y. Apr. 9, 2010) (declining to review and deny unexhausted claims presented in the petitioner's petition, and dismissing habeas petition without prejudice where

---

2244(d)(1)(B), (C), and (D). None of these alternative dates appear to apply in this case.

[4] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in certain circumstances, federal courts have discretion to review and deny on the merits any unexhausted claims that are "plainly meritless" (*Rhines,* 544 U.S. at 277) or "patently frivolous." *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Wheeler v. Phillips*, No. 1:05-CV-4399, 2006 WL 2357973 at *5 (E.D.N.Y. Aug. 15, 2006); 28 U.S.C. § 2254(b)(2). Stated another way, unexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition. 28 U.S.C. § 2254(b)(2). In light of the foregoing, the court declines to exercise its discretion pursuant to section 2254(b)(2).

the claims were "presently awaiting appellate review[.]"); *Foster,* 2007 WL 1531904 at 1-2 (habeas petition dismissed where petitioner was in the "preliminary stages of the appellate process" and had not yet completed state appellate review of his claims).[5]

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that respondent's motion to dismiss the petition without prejudice for failure to exhaust available state court remedies, Dkt. No. 3, is **GRANTED**; and it is further

**ORDERED** that the court makes no determination regarding the merits of any of the claims raised in the petition; and it is

**ORDERED** that no certificate of appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 29, 2014
          Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

---

[5] Any future habeas petition must be accompanied by either the required filing fee ($5.00) or an application to proceed in forma pauperis that has been certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility. Rule 3(a)(1), (2), Rules Governing Section 2254 Cases in the United States District Courts. To avoid any problems with the statute of limitations, petitioner should promptly file any future section 2254 habeas petition upon exhaustion of his state court remedies.